## UNITED STATES

v.

**Floyd James CAMPFIELD, 097 58 4710, Seaman Apprentice (E–2), U.S. Navy.**

NMCM 83 2962.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 4 Jan. 1983.

Decided 23 Dec. 1983.

LTCOL M.W. Lucas, USMC, Appellate Defense Counsel.

LT Mark A. Zuboff, JAGC, USNR, Appellate Defense Counsel.

LT William V. Cerbone, Jr., JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and GARVIN, JJ.

GARVIN, Judge:

The appellant was convicted, contrary to his pleas, of unauthorized absences from 6 to 8 October 1982 and from 11 October to 16 November 1982 in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, and of breaking restriction on 6 October 1982 in violation of Article 134, UCMJ. He was sentenced to confinement at hard labor for fifteen days, to forfeit $382.00 pay per month for two months, reduction to pay grade E–1 and to be discharged with a bad-conduct discharge.

### Duress—facts

On appeal, appellant renews his contention that his offenses were justified because he was forced to leave his ship because of threats made concerning his physical safety. Appellant testified that he was acting as an undercover informant for the ship's Master at Arms (MAA) and that certain individuals discovered his status. He testified that a group of people, including SA Little, told him:

> We found out that you were the narc on the ship, and we were going to beat the . . . out of you right away. . . . That we know that you are the narc on the ship . . . . We were going to beat the . . . out of you immediately.

R. 19, 20.

Appellant, fearing for his safety, immediately reported the threat to the MAA. The MAA told appellant that he could not assist by offering protection without knowing the identity of those who made the threat. Appellant then hid in the machinery room until dark before he left the ship. He hitch-hiked to the Washington, D.C., area from Norfolk, Virginia, and told his aunts about his situation.

One aunt, a Navy lieutenant, contacted the Naval Investigative Service (NIS) and made arrangements for appellant to meet and talk with them. NIS informed appellant they could not assist him. He was returned to a duty status and sent to a Washington, D.C., activity. His second period of unauthorized absence commenced when appellant was informed he would be returned from Washington to his ship.

The government offered the testimony of SA Little who denied that he, or any other

person, threatened the appellant. In fact, SA Little testified he was not aware that appellant was an informant until the day before he testified.

The ship's MAA testified that appellant approached him on 5 October and stated that he had been threatened, but appellant would not identify the persons who allegedly made the threats. Since the MAA could not assist appellant without disclosure of the identity of those allegedly making threats, he left the ship on liberty for the day.

### Duress—discussion

DID THE THREAT OF "WE ARE GOING TO BEAT THE . . . OUT OF YOU IMMEDIATELY" JUSTIFY A REASONABLY–GROUNDED FEAR OF SERIOUS BODILY INJURY?

Appellant testified that just prior to the alleged threat, another person from his ship had been assaulted for his role as an undercover informant. The assault resulted in the victim's hospitalization for several weeks.

Knowledge of such facts, combined with a real threat of immediate assault upon appellant does constitute a reasonably-grounded fear of serious bodily injury.

DID APPELLANT HAVE A REASONABLE OPPORTUNITY TO AVOID THE UNAUTHORIZED ABSENCE WITHOUT SUBJECTING HIMSELF TO THE THREATENED ASSAULT?

By appellant's own testimony, he indicated that he reported the alleged threat to the ship's MAA. However, he made no attempts to report the threatened assault to higher authority. He did not contact his own division officer, the Command Master Chief or others in the chain of command, up to, and including, the Commanding Officer. Further, he made no report of the alleged threat to Senior Chief Yotes or First Lieutenant White, the persons who recruited him as an undercover drug informant.

The testimony makes it clear that appellant's immediate chain of command was neither informed of, nor given any opportunity to, respond to appellant's allegations concerning the threat. No person with authority to institute preventative action in behalf of the command was advised of the threat or the identity of the person who made the threat. Under these circumstances, we conclude that appellant did have a reasonable opportunity to avoid the threatened assault by making such a report before resorting to his unauthorized absences. *United States v. Roberts*, 14 M.J. 671 (N.M. C.M.R.1982).

Since we have resolved this issue against appellant, we need not address whether he had a reasonably-grounded fear of immediate bodily harm which would excuse his UCMJ violations. However, we have examined the evidence and have resolved the issue of credibility against appellant. Appellant did not disclose the identity of SA Little to the ship's MAA nor did he seek the protection of others in the chain of command. Therefore, we conclude that appellant did not have a reasonably-grounded fear of immediate bodily harm, rather he used the alleged threat to justify his actions in order to avoid punishment for his contemplated misconduct.

We find that appellant had the opportunity to avoid committing his unauthorized absences without subjecting himself to the threatened danger, therefore his actions are not excusable. Paragraph 216f, *Manual for Courts-Martial, 1969 (Rev.)*. Accordingly, the findings of guilty and sentence as approved on review below, are affirmed.

Senior Judge GLADIS and Judge BYRNE concur.